1  JON M. SANDS
   Federal Public Defender
2  District of Arizona
3  850 West Adams, Suite 201
   Phoenix, Arizona 85007
4  Telephone: (602) 382-2700

5
   ANA LAURA BOTELLO
6  State Bar No. 030528
   Asst. Federal Public Defender
7  ana_castillo@fd.org
8  Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-8175-PCT-SPL |
|---|---|
| Plaintiff, | **OBJECTIONS TO PRESENTENCE REPORT** |
| vs. | |
| Jessica Benally, et al., | |
| Defendant | |

      Defendant, Jessica Benally, through undersigned counsel, hereby objects to Paragraphs 16 and 17 of the Pre-Sentence Report (PSR) for the same reasons outlined in her co-defendant's Objection to Presentence Report (Doc. 81), but as applied to Ms. Benally in the following memorandum.

      Respectfully submitted:    April 16, 2018.

                              JON M. SANDS
                              Federal Public Defender

                              *s/Ana Laura Botello*
                              ANA LAURA BOTELLO
                              Asst. Federal Public Defender

**FACTUAL BACKGROUND:**

Ms. Benally agreed to the following factual basis in her plea agreement:

"On July 4, 2017, within the confines of the Navajo Nation Indian Reservation, I [Jessica Benally] participated in an assault on the victim, Officer J.B. I was the passenger in a truck driven by my co-defendant, Kendale Johnson, near Kaibeto, Arizona. Officer J.B. began pursuing us for a speeding violation. We did not stop the truck, but instead I began throwing rocks out of the truck at Officer J.B.'s pursing vehicle. I estimate that I threw no more than five rocks the largest of which was a standard size American football. My intent was to flee and stop Officer J.B. from following us. I was aware of the risk that throwing the rocks could cause bodily harm on Officer J.B. During the chase, the vehicles were traveling at 80-90 miles per hour.
I was an Indian at the time of the crime. Specifically, at the time of the crime, I had sufficient quantum of Indian blood and was a member of or was affiliated with a federally recognized tribe, namely the Navajo Nation Indian Tribe."
*See* Benally Plea Agreement (Doc. 55)

Notably, Ms. Benally never agreed she had thrown between 20-30 cinder blocks or basketball sized rocks from the vehicle (as outlined in the Complaint (Doc. 1) and police reports). Her intent was never to cause bodily harm to Officer J.B., only to stop him from pursuing the vehicle further.

The U.S. Probation Office (USPO) assessed a four-level increase in his offense level calculations under U.S. Sentencing Guidelines (USSG) § 2A.2(b)(2)(B) because Ms. Benally used football sized rocks. (PSR at ¶ 16). Further, Ms. Benally was also given a six level increase because the victim was a police officer and the assault was motivated by the victim officer's status as a victim. (PSR at ¶ 17).

Ms. Benally objects to both enhancements.

**A. Dangerous Weapon Enhancement USSG 2 § 2A2.2(b)(2)(B):**

U.S.S.G. § 2A2.2(b)(2)(B) increases a defendant's base offense level if there was "dangerous weapon" that was used. USSG § 2A2.2(b)(2)(B) (2017). The Guidelines define

"'Dangerous weapon' has the meaning given that term in § 1B1.1, Application Note 1, and includes any instrument that is not ordinarily used as a weapon if such an instrument involved in the offense with the intent to commit bodily injury." Application Note 1. Section 2A2.2(b)(2)(B), however, does not apply any time an object capable of causing injury (i.e., a "dangerous weapon") is used during an assault. *See United States v. Dayea*, 32 F.3d 1377, 1380 (9th Cir. 1994). Because almost anything can count as a dangerous weapon, the district court must determine if there was intent to cause bodily injury with the dangerous weapon. *See United States v. Dayea*, 32 F.3d 1377, 1380 (9th Cir. 1994) (holding that § 2A2.2(b)(2)(B) requires intent to injure). So, a district court must find (1) that the instrument was a "dangerous weapon" and (2) whether the defendant had the intent of using to cause bodily injury, to apply the enhancement.

Ms. Benally does not deny the facts she admitted in her factual basis. She threw 5-6 rocks, including a piece of cinder-block that was no longer or wider than a football, out of the truck, towards the ground, in hopes the rock would stop Officer J.B.'s vehicle. (PSR at ¶ 8). She was aware that such actions had the potential to cause Officer J.B. bodily injury—but this was not her goal, it was simply to stop the pursuing officer's vehicle. Accordingly, Ms. Benally did not use the rocks with the intent to commit bodily injury.

**B. Victim Officer Enhancement USSG §3A1.2(C)(1)**

Section 3A1.2(c)(1) states: "If, in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom . . . increase by 6 levels." USSG § 3A1.2(c)(1) (2017). "The

3

key factors are knowledge of the victim's official status and assaultive conduct motivated by that knowledge." *United States v. Rivera-Alonzo*, 584 F.3d 829, 836 (9th cir. 2009).

Ms. Benally does not dispute that she knew the pursuing vehicle was a law enforcement officer—she admitted so in her post-arrest interview. Nevertheless, she disputes that she was motivated to assault and cause bodily injury to the victim officer because of his status as a law enforcement officer. In her factual basis, Ms. Benally admitted to knowing there was a risk of serious bodily injury, but it was not her intent to cause such injury to the officer—only to stop his pursuit. Accordingly, the assault was not motivated because of the officer's status as a law enforcement officer. *See U.S. v. Cherry*, 10 F.3d 1003 (3rd Cir. 1993) (offense of unlawful flight to avoid prosecution did not have official victim, his motivation by his desire not be prosecuted, not because victim was a law enforcement officer).

**C. Double Counting**

The elements for Assault with a Dangerous Weapon, which Ms. Benally pled guilty to, are as follows:

**"Assault with a Dangerous Weapon**
On or about July 4, 2017, in the District of Arizona:
1. The defendant assaulted the victim by intentionally using a display of force that reasonably caused him to fear immediate bodily harm.
2. The defendant acted with the intent to do bodily harm to the victim.[1]
3. The defendant used a dangerous weapon. An object is a dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.
4. The assault took place on the Navajo Nation Indian Reservation, Indian Country.

---

[1] Per the factual basis provided for in the plea agreement, the government was satisfied with a recklessness intent mens rea of being aware that there was a risk of serious bodily injury to the officer in throwing the rocks.

4

5. The defendant was an Indian at the time of the crime. Specifically, the defendant had some quantum of Indian blood and was a member of or was affiliated with a federally recognized tribe."

*See* Benally Plea Agreement (Doc. 55)

The base offense level for Aggravated Assault under USSG §2A2.2 is 14 and incorporates the fact that Ms. Benally used a dangerous weapon, which could have caused bodily harm to the victim (the offense level would be greater if the victim had sustained any harm). *Cf.* USSG §2A2.3 for simple assault base offense level 4, level 7 or seven if a dangerous weapon was possessed or its use was threatened. Per Application Note 1 of USSG §2A2.2, aggravated assault occurs if there was actual injury or intent to commit another felony or if the dangerous weapon was used with the intent to cause bodily injury and not merely frighten the victim. In this case, Ms. Benally admitted she knew her actions could have caused bodily injury (fortunately, they did not), but her throwing of the rocks was merely to stop the officer from pursuing (flight from law enforcement felony) and not to actually hurt him. Accordingly, applying the 2A2.2(b)(2)(B) dangerous weapon is cumulative and not based on distinct aspects of Ms. Benally's conduct. While §3A1.2(c)(1) involves the status of the victim, and § 2A2.2(b)(2)(B) does not, they both require the government to show attempts at bodily injury on a person, conduct that mirrors the underlying offense and is cumulative and duplicative. *See United States v. Basa*, 817 F.3d 645, 650 (9th Cir. 1994) (reversing the district court for applying "an enhancement that duplicates a necessary element of the underlying conviction"); *see also United States v. Aquino*, 242 F.3d 859, 864-65 (9th Cir. 2001) (reversing a district court's guidelines

calculation applying an enhancement that duplicated an element of a § 924(c) conviction, in violation of 2K2.4).

**D. Conclusion**

For the reasons contained in this objection, the Court should sustain the objections and reduce Ms. Benally's offense level by seven points.

Copy of the foregoing transmitted
by ECF for filing April 16, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

WILLIAM VOIT
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

<u>s/P. Muñoz</u>
P. Muñoz